COURT OF APPEALS
DECISION
DATED AND FILED

November 21, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2018AP1581**

**STATE OF WISCONSIN**

Cir. Ct. No. 2018CV37

**IN COURT OF APPEALS
DISTRICT IV**

SHARON HAYNES,

    PETITIONER-APPELLANT,

  V.

LABOR AND INDUSTRY REVIEW COMMISSION,
DEPARTMENT OF WORKFORCE DEVELOPMENT
AND BLAIN'S FARM & FLEET,

    RESPONDENTS-RESPONDENTS.

        APPEAL from an order of the circuit court for Dane County: PETER C. ANDERSON, Judge. *Affirmed*.

        Before Blanchard, Kloppenburg and Nashold, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Sharon Haynes appeals pro se from a circuit court order that upheld the Labor and Industry Review Commission's decision rejecting Haynes's discrimination claim against Blain's Farm & Fleet.   Haynes argues (1) that the Commission made an erroneous finding of fact, (2) that the Commission and administrative law judge (ALJ) unfairly declined to consider new evidence, and (3) that the commissioners should have recused themselves.   We reject these arguments and affirm.

## *Background*

¶2    Haynes took her vehicle to Blain's to purchase four tires and have them installed.   A service coordinator checked her in, and two service technicians were assigned to install the tires.   The day after the service was completed, the left front wheel came off while Haynes was driving the vehicle.

¶3    Haynes filed a race and sex discrimination complaint against Blain's with the Department of Workforce Development (DWD) pursuant to Wisconsin's public accommodations law.   She alleged that Blain's, through its employees, intentionally failed to secure the wheel to her vehicle because she is an African-American woman.   She further alleged that the employees' motive was to cause her harm because she is an African-American woman.

¶4    A DWD investigator made an initial determination that there was not probable cause to believe that Blain's unlawfully discriminated against Haynes.[1]

---

[1] "Probable cause" in this context means "a reasonable ground for belief, supported by facts and circumstances strong enough in themselves to warrant a prudent person to believe, that discrimination probably has been or is being committed."   *See* WIS. ADMIN. CODE § DWD 221.02(8) (Nov. 2006).

Haynes requested a hearing before an ALJ. The ALJ heard testimony from several witnesses, including one of the two technicians who serviced Haynes's vehicle, James Long. The ALJ also reviewed video evidence of the technicians as they worked on Haynes's vehicle.[2]

¶5      After the hearing, Haynes filed a motion to present an additional clip from the video as new evidence. The ALJ denied the motion and issued a decision concluding that there was not probable cause to believe that Blain's unlawfully discriminated against Haynes. The ALJ found that Blain's technician Long was unaware of Haynes's race or gender, and that there was no evidence that the other technician was aware of Haynes's race or gender. The ALJ also found that there was no evidence of any race-based or gender-based discriminatory animus by either technician.

¶6      Haynes sought review of the ALJ's decision before the Commission. The Commission adopted the ALJ's decision. Additionally, the Commission concluded that the ALJ properly denied Haynes's motion to present new evidence. The Commission also concluded that, even if Haynes had presented the new evidence, it would not have supported her claim that Blain's unlawfully discriminated against her. Finally, the Commission rejected Haynes's request that the commissioners recuse themselves.

---

[2] The other technician who worked on Haynes's vehicle was no longer employed at Blain's and did not testify.

### *Discussion*

¶7      We first note that Haynes directs some of her arguments at the circuit court's decision.  However, as Haynes acknowledges in her briefing, our review is of the Commission's decision, not the circuit court's decision.  *See City of Kenosha v. LIRC*, 2011 WI App 51, ¶7, 332 Wis. 2d 448, 797 N.W.2d 885.  Thus, we do not address arguments directed at the circuit court's decision.  Haynes's remaining arguments fall into three categories.  Haynes argues (1) that the Commission made an erroneous finding of fact, (2) that the Commission and ALJ unfairly declined to consider the video clip as new evidence, and (3) that the commissioners should have recused themselves.[3]

### *Commission's Finding of Fact*

¶8      We begin with Haynes's argument that the Commission made an erroneous finding of fact.  Our review of the Commission's finding of fact is deferential.  We apply the "substantial evidence" test.  *See Wisconsin Prof'l Police Ass'n v. PSC*, 205 Wis. 2d 60, 67, 555 N.W.2d 179 (Ct. App. 1996).  We have summarized that test as follows:

> Substantial evidence does not mean a preponderance of the evidence.  Rather, the substantial evidence test is satisfied when reasonable minds could arrive at the same conclusion as the commission when taking into account all evidence in the record.  We do not judge the credibility of witnesses or weigh the evidence.  We will set aside the commission's

---

[3] To the extent we do not discuss other arguments Haynes makes, we have concluded that they are insufficiently supported to merit discussion.  *See Libertarian Party of Wis. v. State*, 199 Wis. 2d 790, 801, 546 N.W.2d 424 (1996) (an appellate court need not discuss arguments that lack "sufficient merit to warrant individual attention").  While we make some allowances for the shortcomings of pro se briefs, "[w]e cannot serve as both advocate and judge" and, therefore, we do not develop arguments on Haynes's behalf.  *See State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992).

> findings only if a reasonable person could not have made the findings from the evidence.

***Id.*** (citations omitted).

¶9      Haynes argues that the Commission erroneously found that Blain's technician Long was not aware of her race or gender.  Haynes argues that there was evidence that the service coordinator who checked Haynes in talked with Long several times.  However, Haynes points to no evidence that the service coordinator informed Long of Haynes's race or gender when communicating with Long.  Rather, Haynes's assertion that the service coordinator made Long aware of her race or gender is speculation.

¶10      Further, even if there was evidence that the service coordinator made Long aware of Haynes's race or gender, the Commission's finding to the contrary was supported by substantial evidence.  The evidence included testimony by the service coordinator that he had not ever discussed a customer's race or gender with another employee, and testimony by Long that Long did not see Haynes when installing her tires and did not know that she was an African-American woman.

¶11      We note that Haynes also fails to point to any evidence contrary to the Commission's further finding that the technicians who serviced her vehicle had no race-based or gender-based discriminatory animus.  Blain's, in contrast, directs our attention to evidence supporting that finding.  For example, on the topic of race discrimination, Long testified that he himself is mixed race, "half black or part black," and that "I don't like to be discriminated against, it's not something I do or something I even stand for."

*Haynes's Motion To Present New Evidence*

¶12     Haynes makes several assertions relating to the ALJ's denial of her post-hearing motion to present the video clip as new evidence.  According to Haynes, the clip shows Long angrily striking the wheel that later came off of her vehicle.  Haynes's overarching argument regarding the clip is that the Commission and ALJ unfairly declined to consider the clip as new evidence.

¶13     We reject this argument because we agree with the Commission that, even accepting Haynes's characterization of the video clip, the clip would not support a finding that Long harmed the vehicle *because of Haynes's race or gender*.  In other words, whatever the reason for Haynes's malfunctioning wheel, the video clip would not have changed the Commission's determination (or the ALJ's determination) that there was no discrimination at play.

*Recusal*

¶14     Haynes argues that all three commissioners who sat on the Commission when the Commission decided her discrimination claim should have recused themselves.  Haynes makes two separate recusal arguments, neither of which persuades us.

¶15     First, Haynes argues that one of the commissioners should have recused herself because that commissioner was not qualified to perform the work of a commissioner.  However, Haynes points to no facts or legal authority showing that this commissioner lacked any qualification that commissioners are legally required to possess.

¶16     Second, Haynes argues that the other two commissioners should have recused themselves because they were biased against the individual who

served as Haynes's representative during the administrative proceedings. Haynes asserts that her representative accused these commissioners of corruption in other cases, and that the commissioners sought sanctions against her representative in another case. "A presumption exists that public officers discharge their duties in accordance with law and they act fairly, impartially and in good faith." ***Gandhi v. State Med. Examining Bd.***, 168 Wis. 2d 299, 311, 483 N.W.2d 295 (Ct. App. 1992). Here, we conclude that Haynes fails to rebut this presumption. Her assertions regarding her representative's involvement in other cases with the commissioners provide insufficient detail to establish bias.

¶17 In sum, for all of the reasons stated above, we affirm the circuit court order upholding the Commission's decision.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2017-18).